**PAPPENHEIMER v. ALLEN, Collector of Internal Revenue.**

Civ. A. No. 442.

District Court, M. D. Georgia, Macon Division.

May 16, 1947.

Smith, Kilpatrick, Cody, Rogers & McClatchey, of Atlanta, Ga. (M. E. Kilpatrick, of Atlanta, Ga., of counsel), for plaintiff.

Jno. P. Cowart, U. S. Atty., and T. Reese Watkins, Asst. U. S. Atty., both of Macon, Ga., for defendant.

DAVIS, District Judge.

In 1939 the plaintiff was divorced from his wife, Catherine Pappenheimer, by final decree in Fulton County (Georgia) Superior Court. They had two daughters, Annie and Marie, who were minors.

Prior to the entry of final decree the parties entered into a separation agreement, providing for alimony and maintenance, which agreement became a part of the final decree.

The agreement, among other things, provided that the plaintiff should pay Catherine Pappenheimer $575 a month as alimony, that amount to be reduced one-fourth as each of said children "dies or marries or attains the age of 21 years or voluntarily goes to live with the party of the first part (plaintiff), whichever event occurs first as to each of said children."

The agreement and decree further provided (par. 3) that until Catherine Pappenheimer "dies or re-marries or until both of said children marry or reach the age of 23 or voluntarily leave their mother, whichever event occurs earliest, said party of the second part (Catherine) shall have the right to live in the home of the party of the first part (plaintiff) at 2525 Woodward Way, Fulton County, Georgia."

Certain limitations were put upon the use and occupancy of the house that are not material here.

Under another provision (par. 5) of the agreement, should any of the events specified above occur, terminating the right of Catherine to occupy the home, then the plaintiff had the option to take over the possession of the home, or to permit his former wife to continue in possession of the property. If the plaintiff exercised his option to take over the home, then he was obligated under the agreement to pay his former wife an additional $80 per month, in order to enable her to acquire other living quarters, and the additional payment should continue until her death or remarriage.

Under the provisions of the agreement, the former wife's right of possession of the home terminated after August, 1943.

In filing his personal income tax return for the years 1942 and 1943, the plaintiff deducted from his gross income, as alimony payments under the agreement and final decree, the sum of $2,400 for the year 1942 and the sum of $1,400, from January through August, 1943, as the fair rental value of the home and furnishings occupied by his wife and daughters during said years.

It is stipulated between the parties that $200 per month was a fair rental value of the home and furnishings for the tax years here involved, and that neither the plaintiff nor the Commissioner included said amounts in the gross income of the plaintiff for said years.

The Commissioner disallowed the deduction of said amounts and made an additional assessment. The plaintiff paid the assessment and filed a claim for refund, which the Commissioner did not act on within six months, and this suit was filed.

The question here is whether the fair rental value of the home and furnishings are periodic payments of alimony and deductible under section 23(u) of the Internal Revenue Code, 26 U.S.C.A.Int.Rev. Code, § 23(u).

A deduction from gross income under the revenue statutes is allowed as a matter of legislative grace and is to be strictly and narrowly construed, and only then unless there is a clear provision therefor in the statute and the taxpayer must be able to show that he comes within its terms. White v. United States, 305 U.S. 281, 292, 59 S.Ct. 179, 83 L.Ed. 172; Helvering, Commissioner, v. Northwest Steel Rolling Mills, Inc., 311 U.S. 46, 61 S.Ct. 109, 85 L.Ed. 29; United States v. Stewart, 311 U.S. 60, 61 S.Ct. 102, 85 L.Ed. 40; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 1348; Commissioner of Internal Revenue v. Fiske's Estate, 7 Cir., 128 F.2d 487.

It must be remembered that the plaintiff comes into court facing a presumption in favor of the correctness of the Commissioner's determination.

The plaintiff contends that he is allowed the deduction from gross income here sought under section 23(u) of the Internal Revenue Code. This section first came into the Internal Revenue Code in the Revenue Act of 1942.

This section[1] provides that the husband may deduct from his gross income periodic alimony payments, which the wife is required to include in her gross income under section 22(k),[2] except payments attributable to property transferred in discharge of the decree or agreement. So, it is necessary to read section 23(u) with 22(k).

Section 22(k) provides that the divorced wife shall include in her gross income "periodic payments" received by her subsequent to the final decree in discharge of the obligations and requirements of such decree.

The language of these two sections does not precisely cover the situation we have here. All payments that are required to be included in the wife's gross income under section 22(k) are not deductible by the husband under section 23(u), as, for instance: payments "attributable to property transferred (in trust or otherwise)", in discharge of the obligation imposed upon the husband by the final decree or separation agreement, such as regular payments from an insurance policy bought by the husband for the purpose of discharging his payments, or the transfer to a trustee of a piece of real estate, the monthly income of which is to be paid to the wife, and also any fixed amount as payable for the support of minor children.

Section 23(u) states that such payments shall not be included in the husband's gross income and that no deduction shall be allowed with respect to them, though the payments are includible in the former wife's gross income.

▆▆▆▆ I think "periodic payments" within the meaning of sections 23(u) and 22(k) are specific cash payments required of the husband under the court's decree or separation agreement.

That it was the intention of Congress to shift some of the burden of paying tax on alimony from the former husband to the former wife is clearly indicated in the legislative history of Sections 23(u) and 22 (k). See Senate Report No. 1631, Committee on Finance, pages 83 to 86; House Report No. 2233, Committee on Ways and Means, pages 46, 71 and 74.

▆▆▆▆ Furthermore, I think that if an agreed rental value of $200 per month could be construed as periodic payments under sections 23(u) and 22(k), the plaintiff would not be allowed a deduction because he did not include these amounts in his gross income. Reynard Corporation v. Commissioner, etc., 37 B.T.A. 552.

I hold that the plaintiff is not entitled to recover. Appropriate findings and judgment will be entered accordingly.

---

[1] "23(u)—Alimony, etc. payments. In the case of a husband described in section 22(k), amounts includible under section 22(k) in the gross income of his wife, payment of which is made within the husband's taxable year. If the amount of any such payment is, under section 22(k) or section 171, stated to be not includible in such husband's gross income, no deduction shall be allowed with respect to such payment under this subsection."

[2] "22(k) Alimony, etc. income. In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband. * * *" 26 U.S.C.A. Int.Rev. Code, § 22(k).